**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-3248-DDD-STV

BETHANIEL MERAZ,

Plaintiff,

v.

HSS SECURITY, LLC,

Defendant.

---

**DEFENDANT'S MOTION TO COMPEL ARBITRATION**

---

Defendant, HSS Security, LLC, ("HSS") by and through its undersigned counsel, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.,* hereby moves for the entry of an order compelling arbitration and staying all proceedings pending the conclusion of arbitration. In support of this Motion, HSS states as follows:

## I. CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1, HSS certifies that undersigned counsel has attempted to confer with Plaintiff's counsel regarding this Motion. Plaintiff's counsel did not respond to defense counsel's attempt to confer regarding the relief requested herein.

## II. INTRODUCTION

Plaintiff Bethaniel Marez filed this employment discrimination suit against HSS on November 22, 2024, but waited to serve the Complaint and Summons on January 9, 2025. Prior to filing his Complaint, Plaintiff agreed to a binding and enforceable Mutual

Arbitration Agreement that applies to the claims raised in this action (the "Arbitration Agreement"), attached as **Exhibit A**. The Arbitration Agreement provides that:

> …all legal disputes and claims between them shall be determined by final and binding arbitration. Claims covered by this Agreement include all claims arising from or relating to Employee's employment with the Company (including application for or termination of employment), except as provided below, and specifically include the following claims: for unlawful wages, overtime, or other unpaid compensation; for breach of any express or implied contract; for negligence or other tort; and for federal, state, or local law. Claims covered by this Agreement shall include claims against the Company's parent or subsidiary companies, related companies, brands or trade names, alleged joint or co-employers, alleged joint ventures, and their respective owners, directors, officers, employees, and agents. This Agreement is subject to, and any actions or proceedings are covered and governed by, the Federal Arbitration Act, 9 U.S.C §§ 1-16 ("FAA").

**Exhibit A**, ¶ 1.

The Arbitration Agreement between parties binds Plaintiff and Defendant to Arbitration based on the allegations in the Complaint which arise out of Plaintiff's employment relationship with HSS. Despite Plaintiff's personal knowledge that parties are bound by the Arbitration Agreement, Plaintiff filed the instant lawsuit alleging violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* (ADA), Title VII, 42 U.S.C. § 2000e *et seq*. and Colo.Rev.Stat. § 34-24-401 *et seq.* ("CADA"). On January 30, 2025, Defendant informed Plaintiff that his claims were subject to binding arbitration and provided Plaintiff with a copy of the Arbitration Agreement but received no response. Because Plaintiff's claims are covered by a valid arbitration agreement, as expressly

stated in the above excerpt and **Exhibit A**, HSS respectfully requests this Court stay this case and compel arbitration.

## III. ARGUMENT

### A. The Federal Arbitration Act Requires Enforcement of Plaintiff's Arbitration Agreement.

HSS brings this Motion under the Federal Arbitration Act, 9 U.S.C. § 1, *et. seq.* ("FAA"). The FAA embodies the "liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion,* 563 U.S. 333, 339 (2011) (*quoting Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983)); *Grady v. DirecTV Customer Servs.,* 14-cv-03474-CMA- NYW, 2015 U.S. Dist. LEXIS 75113, *4-5 (D. Colo. June 10, 2015) ("The Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* FAA codifies a strong federal policy favoring the enforcement of arbitration agreements."). "Underlying this policy is Congress' view that arbitration constitutes a more efficient dispute resolution process than litigation." *Adkins v. Labor Ready, Inc.,* 303 F.3d 496, 500 (4th Cir. 2002) (internal citations omitted).

Accordingly, under Section 2 of the FAA, "[a] written provision in any…contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter rising out of such contract or transaction…shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. The court reviewing a motion to compel arbitration must "hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue…shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4.

Under the FAA, a district court must compel arbitration and stay court proceedings if the parties have agreed to arbitrate their dispute. *See id*. at §§ 2–3. The FAA leaves

no place for the exercise of discretion but, instead, directs district courts to order the parties to proceed to arbitration on all issues covered by the arbitration agreement. *See id*.; *see also Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218 (1985). Indeed, courts must "'rigorously enforce' arbitration agreements according to their terms." *Am. Express Corp. v. Italian Colors Rest.,* 133 S. Ct. 2304, 2309, 186 L. Ed. 2d 417 (2013) (*quoting Dean Witter,* 470 U.S. at 221); *see also AT&T Mobility,* 131 S. Ct. at 1745. "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Drews Distrib., Inc. v. Silicon Gaming, Inc.,* 245 F.3d 347, 349 (4th Cir. 2001) (quoting *Moses H. Cone Mem'l Hosp.,* 460 U.S. at 24–25).

Here, Plaintiff expressly agreed in arbitration agreement that the agreement "…shall be governed by and enforced in accordance with the Federal Arbitration Act." **Ex. A** at ¶ 1. Under these circumstances, the FAA mandates that Plaintiff submit his claims to arbitration.

**B. Plaintiff's Claims are Subject to Arbitration Under the FAA.**

In deciding whether to compel arbitration, courts generally must determine two "gateway" issues: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the agreement covers the dispute in question. *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 84 (2002). In making this decision, courts consider the "strong federal policy favoring arbitration" and if there is any "uncertainty as to whether a claim is arbitrable, all doubts are to be resolved in favor of arbitrability." *Workalemahu v. Heritage Club,* 2014 U.S. Dist. LEXIS 180719, at *4–5 (D. Colo. Dec. 31, 2014) (internal citations omitted), magistrate report adopted by 2015 U.S. Dist. LEXIS 6685 (D. Colo.

Jan. 21, 2015). Once a court has determined a claim is arbitrable, the case must be stayed. *Smith v. Spizzirri*, 601 U.S. 472, 475-76 (2024) (When a federal court finds that a dispute is subject to arbitration, the court shall stay the action until such arbitration has been had in accordance with the terms of the agreement). Here, both gateway issues are satisfied and the Court must stay this case and compel arbitration.

**1. Plaintiff Entered into an Enforceable Agreement to Arbitrate.**

The interpretation of an arbitration agreement is generally a matter of state law. *See Stolt-Nielsen S. A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 681 (2010). In Colorado, the interpretation of a contract is a question of law for the court, and a court's duty is "to interpret a contract in a manner that effectuates the manifest intention of the parties at the time the contract was signed." *Randall & Blake v. Metro Wastewater Reclamation Dist.,* 77 P.3d 804, 806 (Colo. App. 2003). "If the language is plain, clear, and unambiguous, a contract must be enforced as written." *Id*.

Here, HSS provided Plaintiff with an agreement to arbitrate, which he accepted through his signature and acknowledgement of the same. **Ex. A**. Consideration existed through the mutual obligation to arbitrate as well as Plaintiff's continued employment. *Id; see Wisehart v Meganck,* 66 P.3d 124, 126 (Colo. App. 2002) ("In Colorado, an agreement of employment for an indefinite term is presumed to be at will.") (citing *Continental Air Lines, Inc. v. Keenan,* 731 P.2d 708, 711 (Colo. 1987); *Lucht's Concrete Pumping, Inc. v. Horner,* 255 P.3d 1058, 1062–63 (Colo. 2011) (concluding continued employment provided consideration for a non-compete agreement employee signed during his employment). Additionally, the arbitration agreement specified all essential

terms. Therefore, there is no dispute the parties entered into an enforceable arbitration agreement.

**2. The Agreement to Arbitrate Covers Plaintiff's Claims.**

The scope of an arbitration agreement is controlled by the parties' intentions, "but those intentions are generously construed as to issues of arbitrability." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth,* 473 U.S. 614, 626 (1985). Here, there can be no doubt that Plaintiff's claims are covered by the Arbitration Agreement and HSS's dispute resolution policy. The Arbitration Agreement provides that Plaintiff agrees that "Claims covered by this Agreement include all claims arising from or relating to Employee's employment with the Company (including application for or termination of employment). . ." **Ex. A** at ¶ 1. Further, included in the claims covered by the Arbitration Agreement are claims for "unlawful discrimination, harassment, or retaliation…" **Ex. A** at ¶ 1. Here, Plaintiff has asserted claims unlawful discrimination and retaliation, which are expressly and specifically encompassed by the Arbitration Agreement. Thus, Plaintiff's claims are covered by the Arbitration Agreement. Because both "gateway" issues are clearly met here, the court should stay this case and compel it to arbitration.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's claims should be addressed in arbitration, not in this Court. HSS therefore respectfully requests the Court compel arbitration and stay this action in its entirety and grant such other and further relief in its favor as this Court deems appropriate.

Respectfully submitted this 31st day of January, 2025.

JACKSON LEWIS P.C.

*s/ Ryan P. Lessmann*
Ryan P. Lessmann
Lauren M. Ayoub
950 17th Street, Suite 2600
Denver, Colorado 80202
Telephone: (303) 892-0404
Ryan.Lessmann@jacksonlewis.com
Lauren.Ayoub@jacksonlewis.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on this 31st day of January 2025, a true and correct copy of the foregoing **DEFENDANT'S MOTION TO COMPEL ARBITRATION** was filed and served via CM/ECF upon the following:

S. Birk Baumgartner
BAUMGARTNER LAW, LLC
730 17th Street, Suite 340
Denver, CO 80202
birk@baumgartnerlaw.com

*Attorney for Plaintiff*

s/ *GraceAnna Thomson*
for Jackson Lewis P.C.